# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Juan Manuel Sanchez-Ramirez,

     Plaintiff(s),

v.

Washoe County Police Department,

     Defendant(s).

Case No. 2:26-cv-00746-RFB-NJK

Order

Plaintiff paid the initial partial filing fee.  *See* Docket No. 8.  Pursuant to 28 U.S.C. § 1915(e), the Court herein screens Plaintiff's amended complaint.  Docket No. 6.

## I.    STANDARDS

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.

1

Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

A properly pled complaint must provide a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555. As noted above, Rule 8 demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. Litigants must set forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996); *see also, e.g.*, *Gibson v. City of Portland*, 165 F.4th 1265, 1287-90 (9th Cir. 2026) ("It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts"). Although the pleadings of *pro se* litigants are construed liberally, they must still comply with Rule 8. *E.g.*, *Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014). Dismissal is warranted when a complaint fails to comply with Rule 8. *See, e.g.*, *Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d 983, 1000 (E.D. Cal. 2022) (collecting cases).

**II.   ANALYSIS**

   A.   <u>False Arrest and False Imprisonment Claims</u>[1]

Plaintiff brings claims against the Washoe County Sheriff's Office[2] for allegedly violating his rights by unlawfully searching a vehicle and arresting Plaintiff, as well as holding Plaintiff in

---

[1] It appears that there may be obstacles to Plaintiff's claims proceeding beyond the analysis provided herein. For today's purposes, however, the threshold deficiencies identified are alone sufficient to find that the amended complaint fails to state a claim.

[2] Although referenced in the pleadings as the police department, the local law enforcement agency in Washoe County is the Washoe County Sheriff's Office. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (courts can take judicial notice of government websites).

pretrial detention pending his criminal trial. *See* Docket No. 6 at 3-4. The amended complaint fails to state a claim as to these circumstances for several reasons.

First, Plaintiff fails to allege facts showing that the county can be held liable for the alleged wrongdoing. Local governments, such as municipalities, cannot be held liable under § 1983 on a respondeat superior theory. *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 691 (1978). Local governments can instead be sued only for "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or for a "governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690-91. "A single constitutional deprivation ordinarily is insufficient to establish a longstanding practice or custom." *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999). The amended complaint includes no factual allegations showing a custom, policy, or other basis on which the county could be held liable for any constitutional violations.

Second, Plaintiff fails to allege sufficient factual detail to satisfy Rule 8. "False arrest and false imprisonment overlap; the former is a species of the latter." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more." *Id.* at 390 (internal quotation omitted). "From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." *Id.* (internal quotation omitted). With respect to his false arrest claim, Plaintiff alleges that the police searched a vehicle without permission, that the vehicle was not registered to Plaintiff, and that Plaintiff was not "in or around that vehicle when [he] was detained." Docket No. 6 at 3. These allegations are insufficient to state a claim. As a threshold matter, police officers with probable cause are permitted to search a vehicle without a warrant or permission, *see California v. Acevedo,* 500 U.S. 565, 569 (1991); *United States v. Ibarra,* 345 F.3d 711, 715 (9th Cir.2003), and the amended complaint does not allege facts showing that was not the circumstance here. Moreover and significantly, Plaintiff alleges facts showing he had no privacy interest in the vehicle at issue. *See* Docket No. 6 at 3 (alleging that Plaintiff was not the owner or registrant of the vehicle and that Plaintiff was not in or even near the vehicle when it was searched). As such, Plaintiff cannot bring

3

a civil rights claim challenging the validity of that vehicle search.  *See, e.g.*, *Gonzalez v. City of San Jose*, 817 F. Supp. 3d 849, 855 (N.D. Cal. 2026) (citing *United States v. Pullman*, 405 F.3d 782, 786 (9th Cir. 2005)).

Plaintiff also fails to allege facts to state a claim regarding his pretrial detention, as that claim rests entirely on the fact that he was detained and then found not guilty.  Docket No. 6 at 4. The government may legally incarcerate an individual prior to a determination of his guilt or innocence, so long as it complies with constitutional requirements and statutory provisions.  *See, e.g.*, *Bell v. Wolfish*, 441 U.S. 520, 523, 534 n.15 (1979).  The mere fact that a criminal defendant is eventually found not guilty does not render his pretrial detention a constitutional violation.  *See, e.g.*, *Baker v. McCollan*, 443 U.S. 137, 145 (1979)  ("The Constitution does not guarantee that only the guilty will be arrested.  If it did, § 1983 would provide a cause of action for every defendant acquitted -- indeed, for every suspect released").

Accordingly, the amended complaint fails to state a claim either with respect to Plaintiff's arrest or pretrial detention.

B.    Deliberate Indifference Claim

Plaintiff brings a claim against the Washoe County Sheriff's Office regarding his desire to have hand surgery while he was detained.  Docket No. 6 at 5.  Pretrial detainees may raise inadequate medical care claims under the Fourteenth Amendment's Due Process Clause.  *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018).  The Court evaluates these claims under an objective deliberate indifference standard.  *Id.* at 1125.  The elements of a pretrial detainee's Fourteenth Amendment inadequate medical care claim are:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

4

*Id.* The third element requires the defendant's conduct to be "objectively unreasonable," a test that turns on the facts and circumstances of each particular case. *Id.* A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

Sufficient facts have not been alleged to state such a claim. The Court begins by noting the lack of any allegation of *Monell*-type circumstances, such as a policy or custom. The closest the amended complaint comes is alleging that Plaintiff was "told . . . in the jail that they don't do those surgeries there, that I had to be out." Docket No. 6 at 5. Nonetheless, the amended complaint does not allege that the jail has a policy or custom to deny access to surgeries when there is a serious medical need for them.

In addition, the amended complaint fails to provide the factual allegations required by Rule 8. It is not entirely clear what the allegation above means, including whether Plaintiff was permitted to request medical treatment outside of the jail for his hand condition. The mere fact that surgeries are not conducted within the jail does not show deliberate indifference to serious medical needs. Plaintiff also does not allege that he requested hand surgery. As an overarching matter, the third element of the test requires attention to the facts and circumstances of a particular case, the specific facts and circumstances have not been alleged here.

Accordingly, the amended complaint fails to state a claim for deliberate indifference.

C.     Leave to Amend

Although it appears that Plaintiff may not be able to cure the deficiencies identified above, the Court will provide him leave to amend to attempt to do so.

**III.   CONCLUSION**

For the reasons discussed above, **IT IS ORDERED** that:

1. Plaintiff's amended complaint is **DISMISSED** with leave to amend. Plaintiff will have until **June 29, 2026**, to file a second amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to file a second amended complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint or first amended complaint) in order to make the second amended complaint complete. This is because, as a general rule, an amended complaint supersedes the earlier

complaints. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the earlier complaints no longer serve any function in the case. Therefore, in file a second amended complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

2. **Failure to file a second amended complaint by the deadline set above will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: May 28, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

6